UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD C. BRINK,

                                                                             No. 08-CV-6073 (CJS)(VEB)
                                                                             **DECISION AND ORDER**

            Petitioner,

    -vs-

DALE ARTUS, Superintendent,

            Respondent.

_____

**I.    Introduction**

*Pro se* Richard C. Brink ("Brink" or "petitioner") has filed a petition for a writ of habeas corpus (Docket No. 1) asserting "11 points and 29 sub-points . . . ." Petitioner's Application for Appointment of Counsel ("Pet'r App."), ¶1 (Docket No. 5). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). Respondent has answered the petition. *See* Docket Nos. 17 & 18. Brink thereafter filed a reply. *See* Docket No. 19.

Brink seeks the "assistance of a skilled attorney" because the "issues presented on [sic] the Petition are many, complex, overlapping, and therefore difficult to prepare a memorandum of law in support thereof." Pet'r App., ¶1.

**II.    Discussion**

The Supreme Court has clearly held that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989); *accord Green v. Abrams*, 984 F.2d 41, 47 (2d Cir.1993). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United

States District Courts, counsel may be appointed at any stage of the proceeding by the court "if the interests of justice so require." Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994). Specifically, there is no showing at this time that an evidentiary hearing is required in Brink's case. Nor does Brink seek to vacate or set aside a sentence of death.

Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The standards governing the appointment of counsel in *pro se* cases have been set forth by the Second Circuit in a number of cases. *E.g.*, *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir.1989); *Hodge v. Police Officers*, 802 F.2d at 60; *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir.1983). *See also* 18 U.S.C. § 3006A(a)(2)(B).

The Court has reviewed Brink's application for counsel in light of the factors required by law as set forth by the Second Circuit. Brink has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. Brink asserts that he needs assigned counsel because his habeas issues are "many, complex, [and] overlapping . . . ." Pet'r App., ¶4 (Docket No. 5). However, that alone is insufficient to warrant assignment of *pro bono* counsel. *See*, *e.g.*, De Los Rios v. United States, No. 86 Cr. 279(LMM), 1994 WL 502635, at *6 (S.D.N.Y. Sept. 14, 1994) ("Even if the claim is not frivolous, if the chances of succeeding on the merits are only slight, counsel may be denied because volunteer

attorney time is a scarce commodity which must be allocated judiciously."). The issues in Brink's case are not so complex that assistance of counsel is required, and his habeas claims appear to be ones which can be addressed and reviewed solely by means of the state court records. In particular, Brink's claims do not appear to require any additional factual investigation beyond what is already in the record, and there is no need for an evidentiary hearing involving cross-examination of witnesses or the elaborate presentation of proof. After reviewing Brinks' submissions to date, the Court finds that he has fully and adequately stated his claims, notwithstanding his lack of access to a lawyer.

Although Brinks is incarcerated, which may make it difficult for him to find representation on his own, this habeas petition does not seem to be one for which an appointment of counsel is necessary. Therefore, it does not appear at this time that he requires the assistance of counsel to present the claims raised in his habeas petition. The Court notes that it does not appear that Brinks has made any attempt to seek counsel on his own. At this time, it is Brinks' responsibility to retain an attorney or press forward with this proceeding *pro se*. See  28 U.S.C. § 1654.

Based on the Court's review, Brinks' motion for appointment of counsel (Docket No. 5) is **denied without prejudice**.

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   February 2, 2009
         Rochester, New York.