UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD C. BRINK,

          Petitioner,

                  **DECISION AND ORDER**
-vs-               No. 08-CV-6073 (CJS) (VEB)

DALE ARTUS, Superintendent,

          Respondent.

_____

**I. Introduction**

Richard C. Brink ("Brink" or "petitioner") has filed a *pro se* habeas corpus application pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. Respondent has answered the Petition. Presently pending before the Court is Brink's *pro se* Motion to Stay (Docket No. 25). Respondent has not responded to the Motion to Stay.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(c)(1), for the purpose of, *inter alia*, hearing and deciding non-dispositive motions and issuing a report and recommendation concerning the disposition of Brink's Petition. For the reasons that follow, Brink's Motion to Stay is **denied with prejudice.**

**II. Background**

 **A. State Court Proceedings**

Petitioner's state custody arises from a judgment of conviction entered on April 20, 2004, in New York State Supreme Court, Livingston County, convicting him, after a jury trial, of

Robbery in the First Degree (New York Penal Law (hereinafter "Penal Law") § 160.15(2)), Robbery in the Second Degree (Penal Law § 160.10(1)), Burglary in the First Degree (Penal Law § 140.30(1)), Unlawful Imprisonment in the Second Degree (Penal Law § 135.05), Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03(2)), and Petit Larceny (Penal Law § 155.25). The charges stemmed from a home-invasion-type robbery committed by petitioner and several accomplices in the Town of Avon in Livingston County. Petitioner was sentenced to a determinate term of twenty-five years imprisonment and five years post-release supervision on both the first-degree robbery and burglary convictions, fifteen years imprisonment and five years post-release supervision on both the second-degree robbery and criminal possession of a weapon convictions, and one-year imprisonment on both the petit larceny and the unlawful imprisonment convictions, with all sentences to run concurrently. Petitioner's conviction was affirmed by the Appellate Division, Fourth Department, and leave to appeal to the New York Court of Appeals was denied. *People v. Brink*, 31 A.D.3d 1139 (4th Dept. 2006), *lv. denied*, 7 N.Y.3d 865 (2006). Petitioner is currently incarcerated at the Clinton Correctional Facility pursuant to this judgment of conviction.

    **B.**    **The Habeas Petition**

In the instant habeas Petition, Brink asserts the following claims for relief: (1) the court's exclusion of an alibi witness violated petitioner's Sixth Amendment rights; (2) uncharged crimes and bad acts evidence violated his right to a fair trial; (3) the mug shot photo introduced at trial violated petitioner's due process rights; (4) the prosecutor improperly cross-examined petitioner's alibi witness with "irrelevant" uncharged crimes; (5) the prosecutor's rebuttal of petitioner's alibi witness deprived petitioner of a fair trial; (6) the trial court failed to give proper

jury charges; (7) the prosecutor introduced improper evidence that demonstrated petitioner's "propensity" for violence; (8) the prosecutor improperly referenced matters not in evidence; (9) prosecutorial misconduct in the summation; (10) petitioner received the ineffective assistance of counsel; and (11) the pre-trial hearing court erred in suppressing the evidence. In an "addendum" to the Petition, dated March 18, 2008, petitioner claimed that he received the ineffective assistance of appellate counsel.

### C. The Motion to Stay

#### 1. Petitioner's Allegations in the Motion to Stay

Brink states that he had two state trials and two state convictions; the second conviction is the subject of the instant habeas Petition. According to Brink, the first conviction and trial "took place some years before the second, but because of a five years [sic] in assigned counsel preparing an appeal brief, the second conviction is well ahead of the first." He asserts in his Motion to Stay that this could be a "matter of first impression" because "counsel's trial and pretrial errors in the first proceeding, have actually caused severe prejudice to the second proceeding." He states that "his personal property was illegally seized on a warrant in the first proceeding, yet counsel never challenged the impression by moving for a suppression hearing," which "allowed the Livingston County prosecutor (the first conviction was in Monroe County) to use the fruits of the illegal seizure at the subsequent proceeding taking place a year later." However, petitioner continues, when the suppression hearing was held during the second proceeding (the one at issue in this habeas proceeding), "the prosecutor's argument was that the warrant was legal" because "it had already been upheld in Monroe County" during the first proceeding. *Id.* Brink contends that trial counsel in the first (Monroe County) proceeding thus

was ineffective in failing to seek suppression of the allegedly illegally seized property; had he sought a suppression hearing, Brink reasons, the prosecutor in the Livingston County proceeding would not have been permitted to utilize said evidence.

## 2. Applicable Legal Principles and Analysis

In order for Brink's motion to stay to make sense, it must also request permission to amend the petition to add his new claim. A habeas petitioner's motion to amend his habeas petition is governed by Federal Rule of Civil Procedure 15(a). *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *see also Fama v. Commissioner of Corr. Srvs.*, 235 F.3d 804, 815 (2d Cir. 2000). Where, as here, a responsive pleading has been served, leave to amend is required. FED. R. CIV. P. 15(a). Although leave to amend shall be "freely given," FED. R. CIV. P. 15(a), "district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Littlejohn*, 271 F.3d at 363 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" as valid reasons for denying leave to amend)); *accord, e.g., Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir.1995); *Weeks v. New York State Div. of Parole*, 273 F.3d 76, 88 (2d Cir.2001); *Marchi v. Board of Coop. Educ. Servs. of Albany*, 173 F.3d 469, 477-78 (2d Cir.1999) ("Although leave to amend is usually freely granted, it may be denied within the trial court's discretion where the proposed amendment would be futile.") (citation omitted).

A proposed amendment is futile "if the proposed claim could not withstand a motion to dismiss for failure to state a claim upon which relief may be granted." *Lucente v. International*

*Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir.2002) (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir.2002)); *see also Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) (stating that here there is no merit to a proposed amendment, leave to amend should be denied).

Under Rule 15, amendments to a pleading may not be made after the statute of limitations has run unless the amendment relates back to the date of the original pleading. FED. R. CIV. P. 15(c) . An amendment relates back if the claim that is sought to be added "arose out of the conduct, transaction, or occurrence set forth" in the original petition. FED. R. CIV. P. 15(c)(1)(B). The Supreme Court recently has circumscribed the definition of Rule 15(c)'s "conduct, transaction, or occurrence" in the habeas context, holding that it cannot be read to encompass a petitioner's state-court criminal "trial, conviction, or sentence." *See Mayle v. Felix*, 545 U.S. 644, 656, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). The Supreme Court explained in *Mayle v. Felix* that to hold otherwise would mean that "virtually any" proposed amendments to a habeas petition would "relate back" for purposes of Rule 15(c), since "federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." 544 U.S. at 657 (citation omitted). Instead, the Supreme Court determined that "relation back will be in order" provided that "the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* A proposed amendment, however, will not "relate back" to the date of the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.*

Brink's proposed amended claim is that his trial counsel in a wholly unrelated, previous

criminal proceeding was ineffective in failing to move for suppression of certain evidence seized in connection with that first proceeding, and then allegedly used illegally in obtaining the second conviction, which is currently under attack in this proceeding. Reviewing the proposed amended claim in light of the Supreme Court's interpretation of "conduct, transaction, or occurrence," it is clear that it does not "relate back" for purposes of Rule 15(c) because "it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," 544 U.S. at 657. Accordingly, Brink's proposed amended claim does not fulfill the "relation back" requirement.

Moreover, I believe it would be an abuse of discretion to grant a stay under these circumstances because Brink has failed to show that his unexhausted claim is "potentially meritorious" or "not plainly meritless," *Rhines v. Weber,* 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). In *Rhines*, the Supreme Court set forth the criteria for obtaining a stay of a federal habeas petition:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
> . . .
>
> And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all.
> . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

> In such circumstances, the district court should stay, rather than dismiss, the mixed petition. In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

544 U.S. at 277-78, 125 S.Ct. 1528.

Respondent's Memorandum of Law in Opposition ("Resp't Mem.") to Brink's current habeas Petition provides some helpful background information concerning this rather tangled claim:

> In December of 2002, Andrew Trerise, an investigator with the Monroe County Sheriff's Department, was assigned to investigate a series of home invasion burglaries that were taking place in Monroe and surrounding counties. Pursuant to the investigation, Investigator Trerise spoke with Reynaldo Melendez, who informed Trerise that he had participated in a number of burglaries with petitioner. Melendez informed Trerise that while he was riding with petitioner in his Navigator he observed in the Navigator side cutters, wire cutters, duct tape, and a screwdriver that they had used in an attempted burglary. Based on this information, a search warrant was issued to search petitioner's 2000 Lincoln Navigator. On December 21, 2002, Trerise and other law enforcement personnel then conducted a search of petitioner's Navigator. Investigator Trerise recovered brass knuckles, a screwdriver, a small ring with three small diamonds, a single heart-shaped gold earring, a jack knife, a pair of wire cutters, a pair of side cutters, a silver earring and a roll of duct tape.

Resp't Mem. at 3-4 (internal citations to *Mapp*[1] hearing transcript omitted). The foregoing was presented at a *Mapp* hearing held before the trial court in connection with Livingston County case. The trial court issued the following decision denying petitioner's motion to suppress the

---

[1] *Mapp v. Ohio*, 367 U.S. 643, 654, 657, 81 S.Ct. 1684 (1961). A *Mapp* hearing is a hearing to determine whether suppression of evidence obtained pursuant to a search or seizure by police officers is constitutionally warranted.

evidence seized by the police from his Lincoln Navigator, finding that the evidence was seized pursuant to a duly authorized search warrant. The court further held that "although the warrant was issued upon a showing of probable cause to believe that evidence of a crime committed in Monroe County could be found in [petitioner's] vehicle, the evidence in this case is admissible against [petitioner] under the "Plain View Doctrine[.]" *Id.* at 4 (citations to Record on Appeal omitted). In conclusion, "at the time the evidence was seized, law enforcement authorities were lawfully executing a properly issued search warrant; that they had lawful access to the items at the time; and that the incriminating nature of the items as possible proceeds of a burglary were immediately apparent[.]" *Id.* (citations to Record on Appeal omitted).

The foregoing helps to explain the interplay between the Monroe County criminal proceedings and those that occurred in Livingston County. Contrary to Brink's assertions, it appears that the trial court considered anew the issue of whether the evidence seized from Brink's vehicle was properly seized pursuant to the search warrant issued by Monroe County authorities, and then went on to determine that the evidence was admissible in the Livingston County action. Brink has not adduced any possible legal arguments that his trial counsel for the Monroe County matter should have made in support of suppression. Indeed, it appears that Brink received a full and fair opportunity to litigate the issue during the Livingston County proceeding, so the Court cannot discern how Brink was prejudiced by any purported shortcomings by his trial counsel in the Monroe County proceeding.

## III. Conclusion

For the foregoing reasons, Brink's Motion to Stay (Docket No. 25) is **denied with prejudice**.

/s/ Victor E. Bianchini

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: March 15, 2010
Rochester, New York.